**KOLLER LAW LLC**
David M. Koller, Esq. (Pa 90119)
Jordan D. Santo, Esq. (Pa 320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EBONY COVINGTON,**<br>**Plaintiff,** | : | **Civil Action No.** |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **COUNTY OF DELAWARE,**<br>**Defendant.** | :<br>: | |

**CIVIL ACTION**

Plaintiff, Ebony Covington (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against County of Delaware (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII")/the Pregnancy Discrimination Act ("PDA"), the Americans with Disabilities Act of 1990, as amended ("ADA") and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
2. Plaintiff is an adult individual residing in Philadelphia, PA.
3. Upon information and belief, County of Delaware is a county government that operates the George W. Hill Correctional Facility located at 2500 Cheyney Road, Thornton, PA 19373

and with headquarters located at 201 West Front Street, Media, PA 19063.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## **JURISDICTION AND VENUE**

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original

jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
12. Plaintiff exhausted her administrative remedies under Title VII/the PDA, the ADA and the PHRA.
13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging pregnancy and disability discrimination as well as retaliation against Defendant.
14. The Charge was assigned a Charge Number 530-2025-05773 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").
15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") via request relative to the Charge and that Notice is dated August 10, 2026.
16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.
17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to her PHRA claims.
18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. On September 16, 2024, Defendant hired Plaintiff in the position of Correctional Officer at George W. Hill Correctional Facility.

21. Plaintiff was well qualified for her position and performed well.

## PLAINTIFF NOTIFIED DEFENDANT OF HER PREGNANCY

22. On or about October 17, 2024, Plaintiff discovered that she was pregnant.

23. Plaintiff proceeded to notify Shyanne Marquette, Human Resources Specialist, of her pregnancy.

24. Plaintiff informed Marquette that she may have to go out on a leave of absence at some point due to potential complications anticipated for her pregnancy.

25. Marquette notified Plaintiff that this was fine, as long as Plaintiff was out on an approved accommodation in the form of leave of absence.

## PLAINTIFF WAS DIAGNOSED WITH A HIGH-RISK PREGNANCY

26. Plaintiff experienced pregnancy complications, specifically abdominal pains and severe headaches, shortly after.

27. Importantly, Plaintiff was diagnosed with a high-risk pregnancy due to a prior miscarriage and an ectopic pregnancy just weeks before this pregnancy.

28. High-risk pregnancy is considered to be a disability under the ADA and the PHRA.

29. The major life activities affected by high-risk pregnancy, include, but are not limited to, standing, walking, performing manual tasks and reproductive function.

## PLAINTIFF WAS PLACED ON A MEDICAL LEAVE OF ABSENCE

30. Plaintiff went out on a leave on an approved medical leave of absence from October 26, 2024 through December 4, 2024, for her pregnancy.
31. Marquette approved Plaintiff's leave of absence.
32. On or about December 4, 2024, Plaintiff returned to work.

## PLAINTIFF REQUESTED REASONABLE ACCOMMODATIONS

33. On or about January 27, 2025, Dr. Nicole Kimzey, Internist, examined Plaintiff.
34. Dr. Kimzey placed Plaintiff on light duty with limited standing, walking, twisting, pulling and pushing.
35. Importantly, there were Correctional Officer posts at Defendant that would allow Plaintiff to not work directly with inmates or do any heavy lifting.
36. On or about January 28, 2025, Plaintiff notified Marquette, Demetrius Wall, Human Resources Representative, and Angela Frattarelli, Human Resources Advisor/Manager, that she was 26 weeks pregnant and needed to be on light duty due to her high-risk pregnancy.
37. In addition, Plaintiff submitted Dr. Kimzey's note detailing her light duty restrictions to Marquette, Wall and Frattarelli.

## DEFENDANT DENIED PLAINTIFF'S ACCOMMODATION REQUEST AND PLACED HER ON A LEAVE OF ABSENCE

38. Marquette informed Plaintiff that Defendant only allows for light duty for Worker's Compensation matters and refused to accommodate her.
39. Marquette then placed Plaintiff on leave from January 28, 2025 through February 4, 2025, to be reevaluated by her doctor.

**DR. KIMZEY CLEARED PLAINTIFF TO RETURN TO WORK AT FULL DUTY**

40. On or about February 3, 2025, Plaintiff was examined by Dr. Kimzey, who cleared Plaintiff to continue working without restrictions besides not working more than eight (8) hours of overtime outside of her full-time schedule, per Defendant's request.

**DR. KIMZEY'S OFFICE DID NOT FAX THE NOTE FOR PLAINTIFF TO DEFENDANT DUE TO A MISCOMMUNICATION**

41. However, due to a miscommunication, Girard Internal Medicine did not fax Dr. Kimzey's new doctor's note to Defendant following Plaintiff's appointment that day.

**DEFENDANT TERMINATED PLAINTIFF**

42. On or about February 5, 2025, Frattarelli emailed Plaintiff and terminated her employment with Defendant.
43. Frattarelli stated the reason for termination was absenteeism related to Plaintiff's pregnancy.
44. Plaintiff did not receive any disciplines or write ups prior to her termination.
45. In addition, Wall had approved Plaintiff's absences without issue.
46. Defendant discriminated against Plaintiff due to her pregnancy, disability, failed to accommodate Plaintiff and retaliated against her for requesting reasonable accommodations and her medical leaves of absence in violation of Title VII/the PDA, the ADA and the PHRA.
47. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

**COUNT I – PREGNANCY DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED/PREGNANCY DISCRIMINATION ACT**

48. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

49. Plaintiff is a member of a protected class in that she was pregnant.

50. Plaintiff was qualified to perform the job for which she was hired.

51. Defendant did not provide Plaintiff with a reasonable accommodation.

52. Defendant terminated Plaintiff.

53. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination

54. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

55. Defendant discriminated against Plaintiff on the basis of her pregnancy.

56. Defendant has no legitimate non-discriminatory reason for its actions.

57. As a result of Defendant's unlawful pregnancy discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT II – PREGNANCY DISCRIMINATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

58. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

59. Plaintiff is a member of a protected class in that she is pregnant.

60. Plaintiff was qualified to perform the job for which she was hired.

61. Defendant did not provide Plaintiff with a reasonable accommodation.

62. Defendant terminated Plaintiff.

63. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

64. No legitimate, non-discriminatory reasons exist for the above cited adverse employment

actions that Plaintiff suffered.

65. Defendant discriminated against Plaintiff on the basis of her pregnancy.

66. Defendant has no legitimate non-discriminatory reason for its actions.

67. As a result of Defendant's unlawful pregnancy discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT III – DISABILITY DISCRIMINATION**
**AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED**

68. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

69. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

70. Plaintiff was qualified to perform the job.

71. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

72. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

73. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

74. Plaintiff's disability motivated Defendant's decision to take adverse actions against Plaintiff.

75. The purported reason for Defendant's decision is pretextual.

76. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

77. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

78. Defendant's conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV – DISABILITY DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

79. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

80. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

81. Plaintiff was qualified to perform the job.

82. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

83. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

84. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

85. Plaintiff's disability motivated Defendant's decision to terminate Plaintiff.

86. The purported reason for Defendants' decision is pretextual.

87. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

88. As a result of Defendants' unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT V – RETALIATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED/PREGNANCY DISCRIMINATION ACT**

89. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

90. Plaintiff engaged in activity protected by Title VII/PDA.

91. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

92. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT VI – RETALIATION**
**AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED**

93. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

94. Plaintiff engaged in activity protected by the ADA.

95. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

96. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT VII – RETALIATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

97. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

98. Plaintiff engaged in activity protected by the PHRA.

99. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

100. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Ebony Covington, requests that the Court grant her the following relief against Defendant:

(a) Damages for past and future wage loss;

(b) Compensatory damages for other economic and non-economic harm including, *inter alia*, mental anguish and/or emotional distress;

(c) Punitive damages;

(d) Reasonable attorneys' fees;

(e) Recoverable costs;

(f) Pre and post judgment interest;

(g) An allowance to compensate for negative tax consequences of a lump sum award in a single tax year;

(h) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(i) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: November 9, 2026

**By:** ***/s/ David M. Koller***

David M. Koller, Esquire (Pa 90119)
Jordan D. Santo, Esquire (Pa 320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*